**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| LARRY L. THOMAS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:25-CV-000013 (WLS-ALS) |
| Judge JAMES L. PRINE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Recommendation (Doc. 32) from United States Magistrate Judge Alfreda L. Sheppard, entered on February 13, 2026. Therein, Judge Sheppard recommends that the Court dismiss Plaintiff's Second Amended Complaint (SAC) (Doc. 26-3) and deny Plaintiff's motions for financial assistance, for a writ of mandamus, to expedite an answer to his motion for mandamus, and to supplement the Second Amended Complaint (Docs. 28–31). For the reasons discussed herein, the Recommendation is **ACCEPTED**, **ADOPTED**, and made the Order of this Court.

## I.    RELEVANT BACKGROUND

Plaintiff filed a Complaint on February 7, 2025, asserting claims under 42 U.S.C. § 1983 against more than four dozen defendants. (Doc. 1). On August 4, 2025, Judge Sheppard granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to recast his complaint. (Doc. 18). On September 23, 2025, Plaintiff filed a recast complaint (Doc. 25) and a motion for leave to file a second amended complaint (Doc. 26). Judge Sheppard entered the instant Recommendation on February 13, 2026, which granted Plaintiff's motion for leave to file. Thus, Plaintiff's SAC is the operative pleading.

The Recommendation and 28 U.S.C. § 636(b)(1) provided the parties with fourteen days to file an objection. (Doc. 32 at 13). Plaintiff filed an Objection (Doc. 35) on March 35, 2026. Thus, the Recommendation is ripe for review.

1

## II.    STANDARD OF REVIEW

A judge of the district court shall make a *de novo* determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020).

The Court construes Plaintiff's Objection as challenging the Recommendation on three grounds: (1) that the Recommendation fails to address the SAC's state law RICO claim, (2) that the dismissal of his civil conspiracy claims is unconstitutional, and (3) that Judge Sheppard improperly "excludes" state officials from being named parties in this case. (*See generally* Doc. 35). The Court addresses each argument in turn.

First, Plaintiff objects to the Recommendation's failure to address his RICO claim under state law. (Doc. 35 at 2). Generally, "a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit." *Sumner v. Mata*, 449 U.S. 539, 548 (1981). Under both the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915(e), the Court is required to dismiss a case or complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] 28 U.S.C. § 1915A(a)–(b); § 1915(e)(2). The statutes use phrases like "the case," "the action," and "the complaint, or any portion of the complaint." *Id.* Nothing in § 1915(e) or § 1915A requires the Court to address each individual claim prior to dismissal, and the Court has found no binding authority to the contrary. As such, the Court finds that Judge Sheppard did not err in failing to address this specific claim in her Recommendation.

---

[1] Section 1915A requires courts to conduct preliminary screening of complaints filed by prisoners, while § 1915(e) requires screening of complaints filed by plaintiffs proceeding *in forma pauperis*. As Judge Sheppard notes in the Recommendation, both sections apply to the Court's review of Plaintiff's SAC because he is proceeding IFP after his release from jail, but he is still considered a prisoner under the PLRA because the case was filed while he was incarcerated. (*See* Doc. 32 at 2 n.1).

Second, Plaintiff argues that the dismissal of his civil conspiracy claims is unconstitutional because the SAC alleges the elements of such a claim. (Doc. 35 at 3). Judge Sheppard recommends the dismissal of Plaintiff's entire case on the basis that his claims are frivolous, noting specifically that his conspiracy claims are "patently frivolous[.]" (Doc. 32 at 12). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* Additionally, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Here, Plaintiff alleges that on or about November 9, 2024, more than four dozen defendants, including Governor Brian Kemp, conspired to assault him in the Thomas County Jail. (Doc. 26-3 at 17). As alleged, jailers entered Plaintiff's dorm with a large group of people, including Governor Kemp who "yelled everybody that wants to participate in retaliation against Larry Thomas to state your name and say I agree." (*Id.*) Governor Kemp and his wife, Marty Kemp, both stated their names and said, "I agree." (*Id.*) The nearly four dozen remaining Defendants each stated their names and agreed to retaliate against Plaintiff. (*Id.* at 17–18). Then, all of these Defendants attacked Plaintiff "by punching and kicking him in the head, face, neck, shoulders, back, arms, chest, abdomen, genitals, legs, [and] feet;" "slammed plaintiff against the stairs hard several times;" "slammed plaintiff head, and choked plaintiff;" and "committed aggravated sexual assault, aggravated sexual battery, and aggravated sodomy against plaintiff." (*Id.* at 18). In addition, "Governor Brian Kemp choked plaintiff with a choking device causing plaintiff to faint and have difficulty breathing." (*Id.*) The Court finds these allegations, along with the SAC's remaining allegations, to be clearly baseless. Thus, Plaintiff's conspiracy claims are subject to dismissal on the basis that they are frivolous.

Third, Plaintiff contends that "Judge Sheppard has improperly attempted to stipulate high-ranking state actors from being included in this case." (Doc. 35 at 2). Plaintiff appears to take issue with the Recommendation's reference to his previously dismissed lawsuits against

3

Governor Kemp, his wife, and other state officials. (*See id.*) Plaintiff's objection to Judge Sheppard's reference to past cases is meritless. The Recommendation addresses the allegations in the SAC and finds them to be frivolous. Any reference to past cases is harmless.

Finally, the Court notes that Plaintiff makes several statements insinuating that Judge Sheppard has engaged in misconduct. For example, Plaintiff states that by recommending the dismissal of his case, Judge Sheppard is "attempt[ing] to intimidate plaintiff from litigating this case with confidence[,]" and that her "close nexus" with some of the defendants "raises concerns about impartiality" and "judicial manipulation of the judicial process." (Doc. 35 at 2). Plaintiff also claims that Judge Sheppard has retaliated against him by labeling his complaint as frivolous. (*Id.*) Plaintiff's claims are baseless and wholly unfounded in that Judge Sheppard's recommendation and order are supported by the Record of the case and Plaintiff's allegations are factually unsupported conclusions.

## CONCLUSION

Upon full review and consideration of the Record, the Court finds no error in Judge Sheppard's Recommendation. The Recommendation (Doc. 32) is thus **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Plaintiff's Objection (Doc. 35) is **OVERRULED**. Accordingly, Plaintiff's Second Amended Complaint (Doc. 26-3) is **DISMISSED,** without prejudice.

Further, Plaintiff's Motion for Financial Assistance (Doc. 28), Motion for Writ of Mandamus (Doc. 29), and Motion to Expedite Answer to Writ of Mandamus (Doc. 30) are **DENIED**. Plaintiff's Motion for Leave to Supplement Pleadings (Doc. 31) is **DENIED**, as moot.

**SO ORDERED**, this 22nd day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

4