**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

LARRY L. THOMAS, JR.,                          :
                                               :
    Plaintiff,                                 :
                                               :
v.                                             :
                                               :      CASE NO.: 7:25-CV-00013 (WLS-ALS)
Judge JAMES L. PRINE, *et al.*,                :
                                               :
    Defendants.                                :
_____                :

## ORDER

Before the Court is Plaintiff's Motion to Appeal *In Forma Pauperis* (IFP Motion) (Doc. 43), filed on June 8, 2026. Therein, Plaintiff moves to proceed with his appeal without prepaying the costs associated with his appeal of the Court's previous Order (Doc. 37) dismissing the above-captioned action. For the reasons discussed below, the Motion (Doc. 43) is **DENIED**.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action on February 7, 2025, by filing a Complaint (Doc. 1), which asserted claims under 42 U.S.C. § 1983 against more than three dozen defendants. The case was referred to United States Magistrate Judge Alfreda L. Sheppard. (Doc. 3), who granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to recast his complaint. (Doc. 18). Plaintiff filed a recast complaint (Doc. 25) and was subsequently permitted to amend his complaint once more. (*See* Docs. 26 & 32). In the meantime, Judge Sheppard entered a Recommendation (Doc. 19), recommending the denial of various motions filed by Plaintiff. The Court ultimately adopted the Recommendation over objection. (Doc. 36).

On February 13, 2026, Judge Sheppard entered a second Recommendation (Doc. 32), which recommended the dismissal of Plaintiff's Second Amended Complaint (SAC) (Doc. 26-3) and the denial of his motions for financial assistance, for a writ of mandamus, to expedite an answer to his motion for mandamus, and to supplement the Second Amended Complaint (Docs. 28–31). The Court again adopted the Recommendation over Plaintiff's objection, and

1

the case was dismissed. (Docs. 37 & 38). Plaintiff filed a Notice of Appeal (Doc. 40) on June 5, 2026, and the instant IFP Motion (Doc. 43) on June 8, 2026.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). The Court must assess Perry's ability to prepay the costs and fees associated with filing an appeal. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985), *on reh'g* 792 F.2d 1089 (11th Cir. 1986) However, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

## III.    LAW AND ANALYSIS

### A.  Poverty

At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff's affidavit states that he has a total monthly income of $1,668, and he currently has $100 in cash. (Doc. 43 at 2). Plaintiff's monthly expenses total $1,540. (*Id.* at 4–5). This leaves approximately $128 in expendable income. As such, considering the totality of the amounts averred in the IFP Motion and Affidavit, the Court finds that Plaintiff meets the poverty requirements of § 1915 and is unable to pay the entire filing fee.

### B.  The Appeal

At the second step, the Court reviews whether Plaintiff's appeal is taken in good faith. "Good faith" is "judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Plaintiff can demonstrate good faith by seeking appellate review of a non-frivolous issue. *Id.* Frivolous issues lack "arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). "[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*,

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

Plaintiff appeals the Court's Order (Doc. 37) adopting Judge Sheppard's Recommendation and dismissing his case. This posture puts the Court in the challenging position of assessing the frivolity of appealing its own Order. In dismissing Plaintiff's SAC, the Court addressed the arguments raised in Plaintiff's objection and conducted a *de novo* review of those portions of the Recommendation to which an objection was made. The Court construed Plaintiff's objection as challenging the Recommendation on three grounds: (1) the Recommendation failed to address Plaintiff's state law RICO claim, (2) the dismissal of his civil conspiracy claims was unconstitutional, and (3) Judge Sheppard improperly "exclude[d]" state officials from being named parties in this case. (Doc. 37 at 2).

As to the first asserted ground, the Court concluded that Judge Sheppard did not err in failing to address the state law RICO claim because the screening provisions of the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915(e) do not require courts to address each individual claim when dismissing a case or complaint as frivolous. The Court further noted that it found no binding authority requiring such detailed review of individual claims.

As to the second asserted ground, the Court noted Judge Sheppard's conclusion that Plaintiff's entire case was subject to dismissal as frivolous, and that his civil conspiracy claims specifically, were "patently frivolous[.]" (Doc. 37 at 3 (quoting Doc. 32 at 12)). The Court then conducted its own review of Plaintiff's allegations and concluded that they were, as Judge Sheppard found, clearly baseless, making his civil conspiracy claims frivolous and subject to dismissal as a result. The factual allegations supporting both Judge Sheppard and the Court's findings bear repeating here.

In the SAC, Plaintiff alleged that on or about November 9, 2024, more than three dozen defendants, including Governor Brian Kemp and his wife Marty Kemp, Thomas County Superior Court Judge James Prine, Sheriffs Carlton Powell, Tim Watkins, and Jerome Burgess, and at least eleven law enforcement officers, conspired to assault him in the Thomas

3

County Jail. (Doc. 26-3 at 17). As alleged, jailers entered Plaintiff's dorm with a large group of people, including Governor Kemp who "yelled everybody that wants to participate in retaliation against Larry Thomas to state your name and say I agree." (*Id.*) Governor Kemp and his wife both stated their names and said, "I agree." (*Id.*) The nearly forty remaining Defendants each stated their names and agreed to retaliate against Plaintiff. (*Id.* at 17–18). Then, all of these Defendants attacked Plaintiff "by punching and kicking him in the head, face, neck, shoulders, back, arms, chest, abdomen, genitals, legs, [and] feet;" "slammed plaintiff against the stairs hard several times;" "slammed plaintiff head, and choked plaintiff;" and "committed aggravated sexual assault, aggravated sexual battery, and aggravated sodomy against plaintiff." (*Id.* at 18). In addition, "Governor Brian Kemp choked plaintiff with a choking device causing plaintiff to faint and have difficulty breathing." (*Id.*)

As to the third asserted ground for objection, the Court observed that Plaintiff appeared to take issue with the Recommendation's reference to his previously dismissed lawsuits against Governor Kemp, his wife, and other state officials. The Court rejected Plaintiff's argument and concluded that any reference to past cases was harmless because the Recommendation properly addressed the claims and allegations in the SAC and found them to be frivolous.

In adopting the Recommendation and dismissing Plaintiff's claims, the Court carefully considered the arguments raised in Plaintiff's objection and conducted a review of both the Record and the Recommendation under the proper standards. The Court found that Plaintiff's factual allegations were clearly baseless, and his claims, therefore, were frivolous in that they lacked an arguable basis in fact. For the reasons stated above, and discussed at length in the Court's previous Order, the Court finds that there is no factual or legal basis for Plaintiff's claims, making the appellate review Plaintiff seeks wholly lacking in arguable merit either in law or in fact. *Napier*, 314 F.3d at 531. As such, Plaintiff's appeal of the dismissal of his case is frivolous and not taken in good faith, and thus, his IFP Motion is due to be denied.

## IV.   CONCLUSION

Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 43) is **DENIED**. Plaintiff may file a motion for leave to appeal IFP with the United States Court of Appeals for the Eleventh Circuit in accordance with Federal Rule of Appellate Procedure 24(a)(5) or pay the appellate filing fee.

**SO ORDERED**, this 9th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

5